# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEOFFREY W. FREEMAN, and <br> PIERRE M. MONTANEZ <br><br> Plaintiffs, <br><br> vs. <br><br> KEVIN REICHARD, <br> JOSHUA SCHOENBECK, and <br> ANDREW SPILLER, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 17-cv-372-SMY <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for case management. The Complaint was filed by two individuals who are in state custody at Menard Correctional Center. Plaintiffs allege that certain Menard officials have failed to protect them in violation of the Eighth Amendment. (Doc. 1). Specifically, they allege that they worked as informants as a team, but that once their relationship with internal affairs soured, Defendants failed to take adequate measures to protect them. (Doc. 1). However, the Complaint fails to request any relief. Additionally, Plaintiffs have filed a motion seeking an extension to file an in forma pauperis ("IFP") motion. (Doc. 2). Both Plaintiffs named in the case caption signed the Complaint (Doc. 1, pp. 35-36) and the motion seeking an extension of time to file an IFP motion. (Doc. 2).

Under the circumstances, the Court deems it necessary to address several preliminary matters before completing a review of this case pursuant to 28 U.S.C. § 1915A.

### Group Litigation by Multiple Prisoners

Plaintiffs may bring their claims jointly in a single lawsuit if they so desire.

1

However, the Court must caution them regarding the consequences of proceeding in this manner, including their filing fee obligations, and give them the opportunity to withdraw from the case or sever their claims into individual actions.

In *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), the Seventh Circuit addressed the difficulties in administering group prisoner complaints. District courts are required to accept joint complaints filed by multiple prisoners *if* the criteria of permissive joinder under Federal Rule of Civil Procedure 20 are satisfied. Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." That said, a district court may turn to other civil rules to manage a multi-plaintiff case. If appropriate, claims may be severed pursuant to Rule 20(b), pretrial orders may be issued providing for a logical sequence of decisions pursuant to Rule 16, parties improperly joined may be dropped pursuant to Rule 21 and separate trials may be ordered pursuant to Rule 42(b). *Boriboune*, 391 F.3d at 854.

Additionally, in reconciling the Prisoner Litigation Reform Act with Rule 20, the Seventh Circuit determined that joint litigation does not relieve any prisoner of the duties imposed upon him under the Act, including the duty to pay the full amount of the filing fees, either in installments or in full if the circumstances require it. *Id.* In other words, each prisoner in a joint action is required to pay a full civil filing fee, just as if he had filed the suit individually.

The Court noted that there are at least two other reasons a prisoner may wish to avoid group litigation. First, group litigation creates countervailing costs. Each submission to the Court must be served on every other plaintiff and the opposing parties pursuant to Federal Rule of Civil Procedure 5. This means that if there are 2 plaintiffs, the plaintiffs'

postage and copying costs of filing motions, briefs or other papers in the case will be double what it would be if there was a single plaintiff.

Second, a prisoner litigating on his own behalf takes the risk that "one or more of his claims may be deemed sanctionable under Federal Rule of Civil Procedure 11." *Boriboune*, 391 F.3d at 854-55. A prisoner litigating jointly assumes those risks for all of the claims in the group complaint, whether or not they concern him personally. Furthermore, if the Court finds that the Complaint contains unrelated claims against unrelated defendants, those unrelated claims may be severed into one or more new cases. If that severance of claims occurs, each plaintiff will be liable for another full filing fee for each new case. Plaintiffs may wish to take this ruling into account in determining whether to assume the risks of group litigation in the federal courts of the Seventh Circuit.

Here, it appears that Freeman drafted the Complaint, as the events are narrated from his perspective. Therefore, the Court will designate him as the "lead" Plaintiff in this case. Montanez will be given an opportunity to withdraw from this litigation before the case progresses further. He may wish to take the following into consideration in making his decision:

- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.

- He will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.

- He will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

- In screening the complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he will be required to prosecute his claims in a separate action and pay a separate filing fee for each new action.

3

- Whether the action is dismissed, severed, or allowed to proceed as a group complaint, he will be required to pay a full filing fee, either in installments or in full, depending on whether he qualifies for indigent status under §§ 1915(b) or (g).[1]

In addition, if the plaintiffs desire to continue this litigation as a group, any proposed amended complaint, motion or other document filed on behalf of multiple plaintiffs must be signed by each of the plaintiffs. As long as the plaintiffs appear without counsel in this action, each plaintiff must sign all documents for himself. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11.[2] A non-attorney cannot file or sign papers for another litigant. Plaintiffs are **WARNED** that future group motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a).

This brings the Court to the matter of the Plaintiffs' request for relief. The Complaint as drafted requests no relief. Pursuant to Fed. R. Civ. P. 8(a)(3), "[a] pleading that states a claim for relief must contain... a demand for the relief sought, which may include relief in the alternative or different types of relief." To proceed with this action, Plaintiffs must submit an Amended Complaint, signed by both of them, which includes a proper request for relief.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff Montanez shall advise the Court in writing on or before May 15, 2017, whether he wishes to continue as a plaintiff in this group action. If, by that deadline, Montanez informs the Court that he does *not* wish to participate in the action, he

---

[1] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.

[2] Rule 11 states, in pertinent part: "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a). Moreover, a prisoner bringing a *pro se* action cannot represent a class of plaintiffs. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding it would be plain error to permit imprisoned *pro se* litigant to represent his fellow inmates in a class action).

will be dismissed from the lawsuit and will *not* be charged a filing fee for this action.[3] **This is the *only* way to avoid the obligation to pay a filing fee for this action.**

**IT IS ALSO ORDERED** that if Montanez wants to pursue his claims individually in a separate lawsuit, he shall so advise the Court in writing, and his claims shall be severed into a new action where a filing fee *will* be assessed.

Plaintiffs are **ORDERED** to submit a properly completed complaint, including a request for relief within thirty (30) days (on or before May 15, 2017). The new complaint should be labeled "First Amended Complaint." Plaintiffs must list this case number on the first page of the pleading. The amended complaint will supersede and replace the original complaint, rendering it void. *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Failure to comply with this order shall result in the striking of the complaint and the dismissal of this action. Fed. R. Civ. P. 41(b). To enable Plaintiffs to comply with this Order, the Clerk is **DIRECTED** to return a copy of the Complaint (Doc. 1) to Plaintiffs Freeman and Montanez along with this order.

**IT IS FURTHER ORDERED** the motion requesting an extension of time is **GRANTED**. (Doc. 2). Each plaintiff who chooses to continue as a plaintiff either in this action or in a severed individual case, is hereby **ORDERED** to pay his filing fee of $400.00 or file a properly completed IFP Motion on or before May 11, 2017. When a plaintiff files an IFP Motion, the Court must review that plaintiff's trust fund account statement for the six month period immediately preceding the filing of this action. Thus, each plaintiff must have the Trust Fund Officer at his facility complete the attached certification and provide a copy of his trust fund account statement (or institutional equivalent) for the period 10/1/2016 to 4/11/17.

---

[3] As the lead Plaintiff, Geoffrey W. Freeman may choose to voluntarily dismiss or sever his claims, but may not escape his obligation to pay the filing fee for this action, which was incurred when the action was filed. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998).

5

This information should be mailed to the Clerk of Court at the following address: United States District Court – Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois 62201.

Failure to submit a properly completed IFP Motion does *not* relieve that plaintiff of the obligation to pay a filing fee, unless he also submits timely written notice that he does not intend to proceed with the action. **Any plaintiff who simply does not respond to this Order on or before May 15, 2017, *will* be obligated to pay the filing fee and will also be dismissed from this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).**

In addition, plaintiffs are again **WARNED** that future group motions or pleadings that do not comply with the group pleading requirements discussed herein shall be stricken pursuant to Rule 11(a).

The Clerk is **DIRECTED** to send a copy of this order to each of the named plaintiffs, and to enclose a blank form IFP Motion and trust fund account certification form for Geoffrey Freeman and Pierre Montanez.

Plaintiffs are **ADVISED** that the Complaint is currently awaiting preliminary review by the Court pursuant to 28 U.S.C. § 1915A, and it has not yet been served on the defendants. Further action by the plaintiffs is required before the Court can complete its preliminary review of this matter under 28 U.S.C. § 1915A. When this review is completed, a copy of the Court's order will be forwarded to each plaintiff who remains in the action.

Plaintiffs are further **ADVISED** that each of them is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate a plaintiff's whereabouts. This shall be done in

writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 13, 2017**

s/ STACI M. YANDLE
United States District Judge